FU LI LIAN, Petitioner,

v.

**UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,**
et al., Respondents.

No. 06–0628–ag.

United States Court of Appeals,
Second Circuit.

June 6, 2007.

Fu Li Lian, pro se, New York, N.Y., for
Petitioner.

Jeffrey A. Taylor, United States Attorney for the District of Columbia, Madelyn
E. Johnson, Mary Chris Dobbie, Assistant
United States Attorneys, Washington,
D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS,
Chief Judge, Hon. RALPH K. WINTER,
and Hon. PETER W. HALL, Circuit
Judges.

822

**SUMMARY ORDER**

Petitioner Fu Li Lian, a native and citizen of China, seeks review of a January 25, 2006 order of the BIA affirming the October 4, 2004 decision of Immigration Judge ("IJ") Roxanne Hladylowycz denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Fu Li Lian,* No. A77 322 895 (B.I.A. January 25, 2006), *aff'g* No. A77 322 895 (Immig. Ct. New York October 4, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case

As an initial matter, Lian's claim that the Government breached his confidentiality through its investigation is not reviewable by this Court as it was not raised before either the IJ or the BIA. A petitioner must exhaust his administrative remedies in both the categories of relief that he seeks and the individual issues on which that relief may turn. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

Lian's remaining claims are reviewable by this Court. When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for that decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, the consular report, indicating that the abortion notice, and abortion and sterilization certificates were fraudu-

lent, provides substantial evidence to support the IJ's adverse credibility determination. *In Matter of O–D–,* 21 I. & N. Dec. 1079, 1083 (BIA 1998), the BIA held that an applicant's presentation of a fraudulent document, submitted to prove the central element of the claim in an asylum adjudication, indicated his lack of credibility. *See also Rui Ying Lin v. Gonzales,* 445 F.3d 127, 133 (2d Cir.2006) (discussing the maxim of *falsus in uno, falsus in omnibus* (false in one thing, false in everything)); *Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151 (2d Cir.2006) (finding that an IJ's factual finding that an asylum applicant has submitted fraudulent documents was sufficient to uphold an adverse credibility determination). In assessing the reliability of an investigative report, this Court takes into account whether or not the report states: (1) the identity and qualifications of the investigator(s); (2) the objective and extent of the investigation; and (3) the methods used to verify the information discovered. *Zhen Nan Lin v. Dep't of Justice,* 459 F.3d 255, 271 (2d Cir.2006). The DHS Report of Investigation satisfies those three factors stating the names of both the DHS investigator and her acting officer-in-charge, explaining the objective and extent of the investigation and describing the methods used to verify the out-patient record. In addition, the investigator attached the responses of the Chinese officials and translations of those responses, which listed the specific problems with the documents, including that the sterilization certificate was not signed by a doctor at the relevant service station. Because the consular report reliably indicates that Lian's certificate of abortion and sterilization are fraudulent, the report provides substantial evidence to support the IJ's adverse credibility determination.

The IJ's adverse credibility determination is further supported by Lian's inconsistent statements as to whether he had

even submitted a sterilization certificate and his failure to respond when asked why his wife would voluntarily submit to an IUD check if she had planned her pregnancy. The IJ properly relied on Lian's confusion and lack of clarity on these points to support the adverse credibility determination given that Lian's wife's pregnancy, abortion, and sterilization were the basis of Lian's claim. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (the cumulative effect of minor inconsistencies may be sufficient support for an adverse credibility determination). Regardless of whether the IJ may have made minor errors in other portions of her adverse credibility analysis, the IJ's decision was supported by substantial evidence particularly in light of the fraudulent documents. *See Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 336–37 (2d Cir.2006) (remand not required where IJ's decision was supported by substantial evidence and, even without the erroneous finding, the IJ would have denied the application).

As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang,* 386 F.3d at 71; *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Lian has waived his claim to CAT relief because, as well as not raising the claim before the BIA, he did not raise it in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).